Dravosburg Memorial Appeal.

Argued April 15, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Edward J. Osterman,* Special Assistant Attorney General, with him *Thomas J. Shannon,* Assistant Attorney General, and *William C. Sennett,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Meyer Umansky,* for appellee.

OPINION BY WATKINS, J., June 12, 1969:

This is an appeal by the Pennsylvania Liquor Control Board from an order of the County Court of Al-

legheny County overruling a decision of the Board that denied an application for transfer of the club license of the East Pittsburgh Hungarian Singing Society located in East Pittsburgh, Allegheny County, to the Dravosburg Memorial Association of Dravosburg, Allegheny County; and directing that the license be transferred.

The Board had exercised its discretion to refuse the transfer because: "The amendment of Section 468 of the Liquor Code by Act 225 of October 20, 1967 does not provide for transfer of a club liquor license to another organization in another municipality."

This petition for transfer was brought under an amendment to Section 468 of the Liquor Code, 1951, April 12, P. L. 90, Article IV, para. 468, 47 P.S. para. 4-468. Under the original section licenses were not assignable except within the same municipality. By Act of October 20, 1967, P. L. 476, 47 P.S. 4-468 (pp), the legislature amended the section to read in pertinent part as follows: ". . . The Board, in its discretion, may transfer an existing restaurant or club license from one municipality to another in the same county regardless of the quota limitations provided for in this act, if sales of liquor or malt and brewed beverages are legal in such other municipality and if the restaurant or club lost the use of the building in which it was located due to governmental exercise of the right of eminent domain and no other suitable building can be found in the first municipality. . ."

There is nothing in the language of the amendment that is ambiguous. Its intent is quite clear so that it is unnecessary to apply rules of statutory construction.

The applicant for the transfer is a bona fide club. However, it holds no liquor license of any kind. The East Pittsburgh Hungarian Singing Society is also a bona fide organization and is at present the holder of a club liquor license. Its premises were condemned

under eminent domain proceedings and no other suitable building exists for its purpose in East Pittsburgh. Sales of liquor or malt and brewed beverages are legal in Dravosburg.

The petition in this case is an attempt to stretch the meaning of the exception set forth in the amendment from a license transfer from place to place, because of circumstances brought about by eminent domain, to a club to club transfer, or in the case of a restaurant license, a person to person transfer. This was not the intent of the legislature under the clear language of the amendment.

The present license of the singing society could, on the club's application, and within the discretion of the Board, be transferred to premises in another municipality where the functions of the singing society could be continued.

The order of the court below is reversed and the order of the Liquor Control Board denying the transfer is reinstated.